IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH FLORES,

    Plaintiff,

v.                                                                                                   No. 21-cv-1166 WJ-JFR

FNU FIYE, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Joseph Flores' failure to comply with the *in forma pauperis statute*. *See* 28 U.S.C. § 1915(a)-(b). Plaintiff is incarcerated and proceeding *pro se*. On December 6, 2021, he filed a Prisoner Civil Rights Complaint along with an *in forma pauperis* motion. *See* Docs. 1, 2. The motion does not attach an inmate account statement reflecting Plaintiff's average monthly deposits and balance. Section 1915 requires the statement in every case where "a prisoner seek[s] to bring a civil action … without prepayment of fees." 28 U.S.C. § 1915(a)(2). By an Order entered December 8, 2021, the Court directed Plaintiff to cure the deficiency. *See* Doc. 3 (Cure Order). The Cure Order warned that the failure to timely comply would result in dismissal of this case without further notice.

    Plaintiff failed to submit an account statement by the January 7, 2022 deadline. Instead, he filed a Motion to Appoint Counsel along with various exhibits showing that he requested writing paper, a transfer to another prison, and a dog. *See* Docs. 4-5. The exhibits also amplify Plaintiff's claims that prison officials failed to protect him from attack. The following month, Plaintiff filed a response to the Cure Order, which states he requested "account info[rmation]" but

such request was ignored.  *See* Doc. 6.  He further alleges his family paid an initial filing fee of $175 on his behalf and will submit $20-50 each month.  The docket reflects no payment.  By a second Order entered January 13, 2022, the Court declined to waive the statutory requirement to submit an account statement but extended the cure deadline for 60 days.  *See* Doc. 7.  Plaintiff was again warned that the failure to timely comply will result in dismissal of this case.

The final deadline to submit an account statement was March 15, 2022.  Plaintiff again failed to comply.   On March 14, 2022, he filed a letter raising supplemental allegations to support his claims.  *See* Doc. 8.  The letter also alleges Plaintiff is "not able to comply" with the prior orders because "prison officials refuse to answer [his] request for a six month[] inmate account statement."  *Id.* at 3.  Plaintiff urges the Court to "accept" payments from his family, rather than enforcing 28 U.S.C. § 1915(a)(2).  The Clerk's Office has still not received any portion of the filing fee.  Moreover, the Court is unwilling to accept Plaintiff's bare allegation that he cannot obtain an inmate account statement.   He has had over three months to comply with the Cure Order, and he has not submitted any specific facts or evidence documenting the alleged efforts to comply (such as the completed request form that all prisons require).

For these reasons, the Court will dismiss the Civil Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b).  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (Rule 41 permits dismissal for "failure to prosecute [and] comply with the … court's orders"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 Fed. App'x 538, 540-41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing action … based upon [plaintiff's] failure to … submit … account statement").   The Court will also deny as moot Plaintiff's pending Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 4).   If

and when Plaintiff is ready to pursue his claims, he must file a new complaint along with a properly supported *in forma pauperis* motion.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) and Motion to Appoint Counsel (**Doc. 4**) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE